UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARLOS GONZALEZ,

                 Plaintiff,

     v.

FXI, INC., et al.,

                 Defendants.

Case No. 8:25-cv-00721-SRM-ADS

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]**

## I.    INTRODUCTION

Before the Court is Plaintiff Carlos Perez Gonzalez's ("Plaintiff Gonzalez") Motion to Remand ("Motion") this case to Orange County Superior Court, arguing that the $75,000 jurisdictional amount in controversy is not satisfied under 28 U.S.C. § 1332(a). *See* Dkt. 14. Defendant FXI, Inc. ("Defendant FXI") opposes the Motion ("Opposition"). Dkt. 19. Plaintiff Gonzalez filed a reply in support of his Motion ("Reply"). Dkt. 20. The Court has reviewed the parties' arguments, relevant legal authority, and record in this case. For the reasons discussed below, Plaintiff Gonzalez's Motion to Remand is **DENIED**.

-1-

## II.  BACKGROUND

Plaintiff Gonzalez, a citizen of California, was employed by Defendant FXI, a citizen of Delaware and Pennsylvania, beginning in April 2014 in roles including packer, machine packer, and forklift operator. *See* Dkt. 1-1 at 10.[1] On May 31, 2024, Plaintiff Gonzalez alleges he was injured while operating a band saw due to equipment failure. *See id.* at 10–11. He returned to work and completed a shift on June 12, 2024. *See id.* at 11. The following day, Plaintiff Gonzalez was informed he was terminated for safety violations. *See id.*

On March 5, 2025, Plaintiff Gonzalez filed this action in Orange County Superior Court against FXI, asserting claims of discrimination, retaliation, and wrongful termination under California law. Dkt. 1-1 at 7. He seeks relief including lost wages, punitive damages, emotional distress, and attorneys' fees. *Id.* at 20.

On April 9, 2025, Defendant FXI removed the case to federal court under diversity jurisdiction, arguing the amount in controversy is over $75,000 based on (1) back pay of $75,724.80 calculated using Plaintiff Gonzalez's hourly rate of $19.72 for 95 weeks based on a trial date of April 2026, (2) front pay for one year of $41,806.40, (3) emotional and punitive damages that could range in the millions of dollars based on prior verdicts, and (4) attorneys' fees of $60,000 or more based on 100 hours at $600 per hour. Dkt. 1 at 1, 3, 6–8.

On May 9, 2025, Plaintiff Gonzalez filed the present Motion to Remand challenging the amount controversy, arguing that (1) Defendant FXI's estimates of compensatory damages are conclusory and speculative, and do not account for mitigation of lost wages, and (2) punitive damages, emotional damages, and future attorneys' fees are never properly in controversy for jurisdictional purposes. *See* Dkt. 14.

---

[1] Citations refer to CM/ECF pagination.

On June 12, 2025, Defendant FXI filed its Opposition arguing that the amount in controversy is at least $177,531.20 based on its previous estimates of lost wages and attorneys' fees alone. Dkt. 19 at 2.

Plaintiff Gonzalez filed his reply in support of his Motion on June 19, 2025, contending his back pay is "more like $58,000," calculated by mitigating Defendant FXI's $75,724.80 estimate by $18,216 for wages he received from a subsequent employer from September 2024 to June 2025. Dkt. 20 at 2–3. He also reasserts that only attorneys' fees already accrued are properly counted towards the amount in controversy, which his counsel declares are $9,000 as of June 2025 based on 15 hours of work at an hourly rate of $600. *See* Dkt. 20-2 at 1.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction; they can only hear the types of cases for which they are constitutionally and statutorily authorized. *See Gunn v. Minton,* 568 U.S. 251, 256 (2013). A defendant may properly remove a case to federal court when the federal district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Original subject matter jurisdiction may be satisfied through either diversity of citizenship or the presence of federal law claims. *See* § 1441(b)–(c). Relevant here, diversity jurisdiction is established by (1) complete diversity of citizenship and (2) an amount in controversy exceeding "the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

To remove a case to federal court, the "defendant bears the burden of establishing . . . the jurisdictional threshold," *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018), but it needs "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the [removal] notice need not contain evidentiary submissions." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014)(clarifying requirements under §1446(a)). Following removal, a plaintiff may challenge the amount in controversy if it did not assert one in the complaint. *Id.* at 88. Then, "both sides submit proof and the [district] court decides, by a preponderance of the

evidence," if the jurisdictional threshold is satisfied. *Id.* at 88 n.1 (citing 28 U.S.C. § 1446(c)(2)(B)).

In other words, a defendant need only provide "plausible allegations," without evidence, that the amount in controversy is met for the case to be removed, but if that amount is challenged, the district court decides if it is satisfied by a preponderance of the evidence. *See Dart Cherokee*, 574 U.S. at 81; *see also Arias v. Residence Inn by Marriott,* 936 F.3d 920, 925 (9th Cir. 2019). The burden lies with the removing defendant to establish a challenged amount in controversy, and if the evidence is equal, the scales tip in favor of remanding to state court. *See Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1199 (9th Cir. 2015). In this process, courts consider "summary-judgment-type evidence." *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006). This includes allegations in the complaint and notice of removal, the parties' briefs, submitted evidence, and available discovery. *See, e.g., id.*; *Harris v. KM Indus., Inc.*, 980 F.3d 694, 702 (9th Cir. 2020); *Chavez,* 888 F.3d at 416.

The amount in controversy is defined as the total "amount at stake," *see Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016), i.e., the amount recoverable under the operative complaint at the time of removal, assuming the plaintiff prevails, *see Chavez,* 888 F.3d at 416–17. It includes all relief a plaintiff could recover if the action succeeds, regardless of the likelihood of success. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 793–94 (9th Cir. 2018) (past and future attorneys' fees); *Chavez,* 888 F.3d at 416–17 (damages "compensatory, punitive, or otherwise" including non-economic damages).

If the court finds the amount does not exceed the threshold "at any time before final judgment," it must remand the case. *See* 28 U.S.C. § 1447(c). However, the amount is measured as of the time of removal, meaning subsequently adding or dismissing claims from the complaint does not affect the amount in controversy for jurisdictional purposes. *See, Chavez*, 888 F.3d at 417.

## IV.    DISCUSSION

The parties dispute whether the statutory $75,000 threshold to establish diversity jurisdiction has been met. Whereas Defendant FXI estimates the amount exceeds $177,531.20, *see* Dkt. 19 at 2, Plaintiff Gonzalez argues it is no more than $67,000. *See* Dkt. 20 at 1–2. The parties primarily argue the proper temporal and categorical calculation of the amount in controversy as a matter of law. Plaintiff Gonzalez omits specific dollar amounts from the relief requested in the Complaint. Dkt. 1-1. Therefore, the Court must decide, by a preponderance of the evidence, whether the threshold is satisfied. *See, Dart Cherokee*, 574 U.S. at 81; *see also Ibarra,* 775 F.3d at 1199.

### A.    Back Pay and Past Attorney's Fees

In his Reply, Plaintiff Gonzalez concedes that estimates for his back pay and past attorneys' fees are approximately $58,000 and $9,000. *See* Dkt. 20 at 2–3. This alone would bring the amount in controversy to approximately $67,000. *See id.* This estimate mitigates back pay by $18,216 for Plaintiff Gonzalez's subsequent employment, which Defendant FXI disputes as a matter of law, *see* Dkt. 19 at 2. Additionally, Plaintiff Gonzalez's $67,000 figure is an underestimate because it fails to account for all future attorneys' fees, punitive damages, front pay, and relief for emotional distress. *See Chavez,* 888 F.3d at 416–17; *see also Fritsch,* 899 F.3d at 794. However, a plaintiff cannot disprove the amount in controversy by merely reducing damages originally claimed in a complaint to below the threshold, or else "the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938). Accordingly, diversity jurisdiction cannot be defeated by simply omitting numerical damages, as Plaintiff Gonzalez has done here for front pay, punitive damages, future attorneys' fees, and emotional damages. Rather, the Court must decide, by a preponderance of the evidence, whether the amount in controversy exceeds $75,000. *See* §1446(a); *see also Dart Cherokee,* 574 U.S. at 81.

Plaintiff Gonzalez's $67,000 estimate, which only includes back pay and past attorneys' fees, falls $8,000 short of the $75,000 threshold. When calculating the amount

in controversy, the Court considers all relief Plaintiff Gonzalez may recover, assuming he is successful in all asserted claims. *See Fritsch,* 899 F.3d at 793–94; *see also Chavez*, 888 F.3d at 417. Here, Plaintiff Gonzalez's recoverable relief includes attorneys' fees, relief for emotional distress, and punitive damages. Thus, assuming Plaintiff Gonzalez's estimate is correct, the Court must deny this motion if any of the remaining relief at stake exceeds $8,000. *See* 28 U.S.C. § 1332(a).

### B. Future Attorney's Fees

Turning to the issue of future attorneys' fees, Defendant FXI contends at least $60,000 of past and future attorneys' fees are at stake based upon Plaintiff Gonzalez's counsels' hourly rates of $600–$750, *see* Dkt. 19 at 7. Plaintiff Gonzalez, on the other hand, argues attorneys' fees should be limited to the $9,000 already incurred for 15 hours of work by Mr. Troy Candiotti as of June 19, 2025, under his declared $600 hourly rate. *See* Dkt. 20 at 1–2.

First, as a matter of law, courts "must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *See Fritsch,* 899 F.3d at 794. Here, Plaintiff Gonzalez's Complaint seeks to recover attorneys' fees, including under the Fair Employment and Housing Act (FEHA), which statutorily permits recovery of attorneys' fees. *See* Dkt. 1-1 at 12, 14, 20; *see also Hoglund v. Sierra Nevada Mem'l-Miners Hosp.,* 102 Cal. App. 5th 56, 81 (2024) ("[A] prevailing plaintiff in a [FEHA] lawsuit is usually entitled by statute to receive an award of attorney fees") (interpreting Cal. Gov't Code § 12965).

Relying on *Chen*, Plaintiff Gonzalez contends that "attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes." *See* Dkt. 14 at 6 (citing *Chen v. United Talent Agency, LLC*, No. CV 17-1848 PA (EX), 2017 WL 946642, at *3 (C.D. Cal. Mar. 10, 2017)). However, the Ninth Circuit has since held that "there is no question that future attorneys' fees are at stake in the litigation." *See Fritsch,* 899 F.3d at 794) (cleaned up); *see also Arias,* 936 F.3d at 922.

-6-

Therefore, under *Fritsch*, Plaintiff Gonzalez's statutory attorneys' fees, past and future, are properly in controversy. *See Fritsch*, 899 F.3d at 794.

Second, the Court gauges the value of future attorneys' fees at stake here. In this process, a party's "[c]onclusory allegations . . . are insufficient," *see Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003), but "reasonable assumptions" may be properly relied upon. *See Arias,* 936 F.3d at 922. "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 925. For instance, in *Matheson*, the plaintiff sought relief for the delay of an insurance payment for a loss of property valued at less than $16,000. *See Matheson*, 319 F.3d at 1090. The defendant's allegations were conclusory because the complaint only sought damages "in excess of" $30,000 and there was no other evidence to suggest the $75,000 threshold was satisfied. *See id.* at 1091.

Here, some of Defendant FXI's allegations are conclusory. For example, it claims "attorneys' fees will likely exceed $75,000" based upon "Plaintiff's allegations" and Mr. Candiotti's hourly rate. *See* Dkt. 1 at 8. These allegations, alone, are insufficient and conclusory because, as in *Matheson*, they fail to reasonably tie the assumptions to specific allegations in the complaint. *See Matheson*, 319 F.3d at 1091. To conclude the amount is satisfied based upon an attorney's billable rate and assumptions as to the expected billable hours, alone, would be to "render[] meaningless" the amount in controversy requirement. *See Hernandez v. Safeco Ins. Co. of Am.,* No. CV 11-245 JP/CG, 2011 WL 13284598, at *3.

Nonetheless, the Court finds that Defendant FXI's allegations that the amount in controversy greatly exceeds $75,000 are ultimately based on reasonable assumptions. As noted above, Plaintiff Gonzalez concedes there is $67,000 at stake, excluding future attorneys' fees. *See* Dkt. 20 at 1–2. Mr. Candiotti's declaration indicates his hourly rate is $600, and that Plaintiff Gonzalez has incurred approximately $9,000 in fees for 15 hours of work as of June 19, 2025. *See* Dkt. 20-2 at 1. Therefore, if Mr. Candiotti spends at least an additional 13.4 hours working on this case, Plaintiff Gonzalez would accrue over $8,000

in attorneys' fees at counsel's rate of $600 per hour. The Court finds this likely because Plaintiff Gonzalez has already accrued $9,000 at the early stages of litigation, and an excess of $17,000 in total attorneys' fees for this case is not unreasonable. *See Reese,* 729 F. Supp. 3d 980 at 985 n. 4 (noting $30,000 in attorneys' fees is a "reasonable and conservative estimate" for a similar employment case with comparable wages at stake for a workplace in the Central District of California). Therefore, the amount in controversy exceeds $75,000 by a preponderance of the evidence based on Plaintiff Gonzalez's $67,000 estimate and future attorneys' fees, alone.

## V.   CONCLUSION

The Court need not address punitive damages, emotional distress, or the total lost wages in dispute because it finds the amount in controversy is met through minimum back pay and attorneys' fees, alone. Therefore, the Court holds that diversity jurisdiction is proper. Accordingly, Plaintiff Gonzalez's Motion to Remand is **DENIED**. Dkt. 14.

**IT IS SO ORDERED.**

Dated: March 27, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-8-